52 287
83 108

THE DISTRICT TOWNSHIP OF COON v. THE BOARD OF DIRECTORS OF THE DISTRICT TOWNSHIP OF PROVIDENCE ET AL.

1. **Pleading:** WHEN NOT SPECIFIC: WAIVER. Where a petition contains all the allegations necessary to entitle the plaintiff to relief, the fact that they are not specific will not defeat a recovery in the absence of a motion assailing such defect.

2. **School District:** BOARD OF DIRECTORS: DESIGNATION OF FUND. It is the province of the board of directors of a district township to designate the fund or funds upon which orders shall be drawn for the payment of judgments, and a creditor is not required to specify in his demand for the issuance of such orders the amount of his claim against each fund.

*Appeal from Buena Vista Circuit Court.*

TUESDAY, OCTOBER 28.

IT is stated in the petition that the plaintiff obtained a judgment in the District Court of said county for " $4,578.86 damages, and $377.70, costs; that of said judgment about $2,003.30 thereof was rendered on account of orders issued on

the school-house fund, about $840.92 on account of orders on the teachers' fund, and about $1,734.64 thereof on account of ·orders issued on the contingent fund;" that said judgment is wholly unpaid, and at a time when defendant's board of directors were legally assembled " the plaintiff demanded of said ·board the payment of said judgment by orders on the proper funds drawn on the treasurer of said district township;" that it is the duty of the defendants to issue said orders, but that ·they refused to do so. A writ of *mandamus* is asked to compel the performance of such duty.

The answer, as it stood at the trial, denied the alleged demand only. There was a trial by jury and a finding that the demand had been made. The defendants filed a motion in arrest ·of judgment and for a new trial, which was sustained, and the plaintiff ·appeals.

*G. S. Robinson*, for appellant.

*O'Connell & Springer*, for appellees.

SEEVERS, J.—I. That *mandamus* should not issue when it ·will prove unavailing; that the party asking for it must show a clear right thereto, and that it must appear it is in the power and is the duty of the defendant to perform the act sought, is believed to be true.

1. PLEADING: when not specific: waiver.

The appellees insist the petition is defective in substance, ·and the motion in arrest properly sustained, because: 1. "No sufficient demand is alleged in that it did not specify the amount of the orders desired against each fund." 2. " It is not alleged that the amount of the debt against each fund was determined by the judgment in question;" and, 3. " It is not shown affirmatively by the petition that the board could have ascertained the amount of the debt against each fund."

It is insisted by counsel for the appellees that the law is that the matters indicated in the foregoing propositions must ·be made to appear before the plaintiff is entitled to the relief ·demanded.

If this be conceded to be true, the question then is whether ·the petition is sufficient in these several respects. It states,

in substance, the amount or proportion of the judgment which is payable from the three funds recognized by the statute. The allegation in this respect is not as definite and certain as it should be if it was material to be stated at all. But it is without doubt sufficient in the absence of any attempt of the defendants to have it made more specific. Clearly they could waive a more specific statement if they saw proper. If issue had been joined in this respect, the plaintiff might have been able to have established to the entire satisfaction of the jury the exact sum or proportion of the judgme⎵⎵ payable out of each fund. Conceding, therefore, such an allegation to have been material, the allegations of the petition relating thereto are deemed admitted. Code, section 2712.

This is not a case where the statement of facts in the petition are insufficient to entitle the plaintiff to any relief whatever, and, therefore, it is not governed by Code, section 2650. As the allegations of the petition as to the proportion due from each fund was not controverted, and is deemed to be true, no evidence was required on the part of the plaintiff. The conclusive presumption must be indulged that the several amounts are correctly stated in the petition. The allegations thereof become definite and certain by the failure to controvert them and the failure to ask that they be made more specific.

There is a demand averred. It may not be sufficiently stated, but it is clear from the petition a demand was made. If the petition in this respect was not as full as defendants believed it should be, they should have moved for a more specific statement in this respect. This might possibly be different if it was essential a demand should be averred and nothing was said on that subject in the petition. Besides this, we are unwilling to believe the plaintiff was bound to do more (if that) than demand that orders be issued by the defendants in satisfaction of the judgment. It was not the duty or province of the plaintiff to demand that orders be issued for a certain amount on one fund, and for a different amount on another. Clearly the defendants would not be bound by the plaintiff's designation of amount to be drawn on the several funds. If

the defendants were not bound to comply with such a demand if made, it was unnecessary to make it in the form required.

The board of directors must, of necessity, determine upon what funds orders are drawn. Otherwise, contractors could effectually cripple a school district by demanding payment from the teachers' fund, and thereby exhausting it.

It was not essential the judgment should specify the funds liable to its payment. If material, as we have before said, this fact might be proved by any competent evidence. What the plaintiff could have established in this respect we cannot, of course, know. It is sufficient to say that under the issue joined the plaintiff was not required to prove anything with reference thereto. The evidence, we think, supports the finding.

II. There are only three funds recognized by the statute. The school-house, teachers, and contingent. It is the duty of 2. SCHOOL dis- the board of directors to audit all just claims trict: board of directors: against the district. Code, § 1733. All orders designation of funds. drawn on the treasurer shall specify the fund on which they are drawn, Code § 1739, and the treasurer is forbidden to pay any order which does not so state on its face. Code, § 1748. When a judgment has been obtained against a district township it is made the duty of the board to pay off and satisfy the same from the proper fund by an order on the treasurer. Code, § 1787. These are all the provisions of the statute to which our attention has been called bearing on the question under consideration.

If the debt has not been put into a judgment it is quite clear there is no statutory provision requiring a person, when the claim is presented to the board to be audited, to specify and designate the fund he believes it should be paid out of. If he did so the board would not, as has been said, be bound to comply, or if he named the wrong fund this would not authorize the rejection of the claim. It is the duty and privilege of the board to do this. It matters not how this is ascertained. The statute enjoins on the board the duty of auditing, and it must be conclusively presumed the power to perform it exists. In some cases this duty may be more diffi-

cult than in others, but this it is obvious cannot affect the question of power, or have the effect to release the defendants from the performance of an official duty.

The object of the statute is to prevent the board from using one fund to discharge an indebtedness properly chargeable to another. An honest endeavor on the part of the board to effectuate this object is all that is required. If a mistake should be made we fail to discover any provision of the statute which provides a penalty, or authorizes the treasurer to refuse to pay a warrant which on its face specifies the fund the board has seen proper to direct it should be paid from. The power to audit, and the provision which forbids the payment of an order which does not specify the fund on which it is drawn, by implication gives the board the power to direct the fund from which the payment is to be made.

When a debt has been put into a judgment it has in one sense been audited. All the board has to do as to such a claim is to designate the proper fund and direct the necessary orders to be drawn thereon. This being an official duty the board should not be permitted to say they cannot perform it. They may not be able to accurately specify the amount to be paid from each fund. In such case they must approximate thereto as near as they can. When this is done the object of the statute is accomplished. Public corporations cannot be permitted to escape paying a just debt by the interposition of any such bare technicality. It finds no support in the statute, and common honesty forbids that it should prevail.

We are impressed with the belief that the court below sustained the motion in arrest of judgment, and that the motion for a new trial was not passed upon. None of the grounds upon which a new trial was asked are specially urged by the counsel for the appellees, except such as have been herein disposed of. No ground, whatever, existed for granting a new trial, in our opinion.

REVERSED.